# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEWEY BEACH ENTERPRISES,INC. and RUDDERTOWNE HOTEL, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. N20C-08-018 CEB |
| DRASS INSURANCE AGENCY, INC.; MARKEL AMERICAN INSURANCE CO.: WILMINGTON INSURANCE CO.; CATALYTIC MANAGERS AND INSURANCE AGENCY, LLC; UNDERWRITERS AT LLOYD'S, LONDON; SAFETYSPECIALTY INSURANCE CO.; and GUIDEONE NATIONAL INSURANCE CO., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: February 5, 2021
Decided: May 13, 2021

*On Defendants' Motion to Dismiss, or in the Alternative,*
*Motion to Stay Litigation.*
**DENIED.**

## MEMORANDUM OPINION

Neil R. Lapinski, Esquire, Phillip A. Giordano, Esquire, GORDON, FOURNARIS & MAMMARELLA, P.A., Wilmington, Delaware. *Attorneys for Plaintiffs Dewey Beach Enterprises, Inc. and Ruddertowne Hotel, LLC.*

Susan List Hauske, Esquire, TYBOUT, REDFEARN & PELL, Wilmington, Delaware; Kimberly M. Jones, Esquire, Christian M. Gunneson, Esquire, WOOD, SMITH HENNING & BERMAN, LLP, Tampa, Florida. *Attorneys for Defendants Catalytic Risk Managers and Insurance Agency, LLC, Underwriters at Lloyd's London, Safety Specialty Insurance Company and Guideone National Insurance Company.*

**BUTLER, R.J.**

## FACTS AND PROCEDURAL HISTORY

In 2012, Plaintiffs began construction and renovation on a mixed-use property containing the Ruddertowne Hotel, the adjacent lighthouse, condominiums, and commercial event space (collectively, the "Project"). Plaintiffs retained Defendants to provide insurance coverage for the Project.[1] The coverage was current through April 2020. On April 23, 2020, a fire — deemed arson by the Fire Marshall — consumed the lighthouse, the restaurant and damaged the adjacent decking, railings, piers, condominiums and commercial space. Plaintiffs have brought this action against the insurers claiming breach of contract, negligence and requesting declaratory judgment. Three of the Defendants have moved to dismiss the Complaint because, they say, they are still "adjusting" the claim. In the alternative, they seek a stay of the litigation pending the completion of their own investigation.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6), the Court accepts all factual allegations as true in a light most favorable to the plaintiff.[2]

---

[1] The instant motion is brought by Defendants Underwriters at Lloyd's, London, Safety Specialty Insurance Company, and Guideone National Insurance Company. It appears these defendants were underwriters of policies obtained by Defendant Drass Insurance Agency.

[2] *Williams v. Newark Country Club*, 2016 WL 6781221, at *1 (Del. Super. Nov. 2, 2016); *see Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs., LLC*, 27 A.3d 531, 535 (Del. 2011).

If it is possible for the plaintiff to recover under *any* reasonable set of circumstances presented from the complaint, the motion must be denied.[3]

## ANALYSIS

Defendants argue that because the Plaintiffs' insurance claims are still being adjusted, any litigation is premature and is not ripe for adjudication.

A ripeness determination requires an assessment of whether the interests of the party seeking immediate relief – in this case the Plaintiffs – outweigh the concerns of a party "in postponing review until the question arises in some more concrete and final form."[4] The balancing test to determine ripeness for adjudication includes:

> (1) a practical evaluation of the plaintiff's legitimate interest in prompt resolution of the question presented, (2) the hardship that further delay may threaten, (3) the possibility of future factual development that might affect the determination made, (4) the need to conserve scarce judicial resources, and (5) a due respect for identifiable policies of the law touching upon the subject matter dispute.[5]

Here, these so-called *Schick* factors weigh in favor of denying the motion to dismiss. First, Plaintiffs have a legitimate interest in prompt resolution, as they are paying the repair and rebuilding costs themselves, defeating the very reasons they

---

[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[4] *Stroud v. Milliken Enter., Inc.,* 552 A.2d 476, 480 (Del. 1989) (quoting *Cont'l Air Lines, Inc. v. C.A.B.,* 522 F.2d 107, 124–25 (D.C. Cir. 1974)).
[5] *Schick v. Amalgamated Clothing & Textiles Workers Union,* 533 A.2d 1235, 1239 (Del. Ch. 1987).

purchased insurance. Plaintiffs have suffered hardships including loss of income and lengthened construction schedules that further delay will exacerbate.

When considering the possibility of future factual development that might affect the determination and a due respect for identifiable policies of the law touching on the dispute, Defendants rely upon *XL Specialty v. WMI Liquidating Trust.*[6] In *XL Specialty,* an excess insurance policy was only triggered when the plaintiff incurred liability reaching the excess carrier's attachment level. The Court dismissed the action because without a determination regarding liability, there was no reasonable likelihood that the policy would be triggered and a judicial determination would necessarily be based on speculation and hypothetical facts.

That is not this case. While there may be multiple insurance policies involved, the Defendants have not identified themselves as excess carriers. Absent such a claim, *XL Specialty* is inapposite. There is no risk that the Court will render an advisory opinion, as the condition for coverage has been triggered and litigation is unavoidable.[7] Since litigation is unavoidable, there is no judicial economy served by piecemeal litigation.[8]

---

[6] *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208 (Del. 2014).
[7] *See id.* at 1217 ("Generally, a dispute will be deemed ripe if 'litigation sooner or later appears to be unavoidable and where the material facts are static.'" (quoting *Julian v. Julian,* 2009 WL 2937121, at *3 (Del. Ch. Sept. 9, 2009))).
[8] *See generally Energy Transfer Equity, L.P. v. Twin City Fire Insur. Co.*, 2020 WL 5758027, at *7 (Del. Super. Sept. 28, 2020) (finding judicial economy is not

The Court cannot sanction further delay when the precipitating factor appears to be that Defendant insurers are still investigating the claim. Such logic would give Defendant insurers carte blanche to take forever resolving their own coverage obligations while the Plaintiff loses the benefits of his bargained-for insurance coverage.

The Court is currently issuing trial availability dates in 2022 at the earliest. There is no illusion that these Defendants, or any other party, is being rushed into the Courthouse. Should Defendants require a protective order from onerous discovery they are not yet prepared to answer, they may apply to the Court for relief. A blanket Order that dismisses the litigation or stays it indefinitely while the insurers investigate their options is not appropriate.

## CONCLUSION

Accordingly, Defendant's motion to dismiss, or in the alternative, to stay litigation is **DENIED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

preserved when dismissing an action without prejudice would result in a new complaint renaming moving insurers).

4